IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KYO OHK SHIN                               ) | |
| 3812 Hill Street                           ) | |
| Fairfax, VA 22030                          ) | |
|                                            ) | |
|     Plaintiff,                             ) | Case No. |
|                                            ) | |
| vs.                                        ) | |
|                                            ) | |
| JONG EON BAE (aka JOHN BAE)                ) | |
| 3902 Persimmon Drive Apt. 101              ) | |
| Fairfax, VA 22031                          ) | |
|                                            ) | |
| BAJ CONSULTING COMPANY                     ) | |
| 3902 Persimmon Drive Apt. 101              ) | |
| Fairfax, VA 22031                          ) | |
|                                            ) | |
| BAE CONSULTING CO.                         ) | |
| 3902 Persimmon Drive Apt. 101              ) | |
| Fairfax, VA 22031                          ) | |
|                                            ) | |
| SMOKEY EXTERIORS INC.                      ) | |
| 3902 Persimmon Drive Apt. 101              ) | |
| Fairfax, VA 22031                          ) | |
|                                            ) | |
| LI TEL                                     ) | |
| 532 Ridgewell Way                          ) | |
| Silver Spring, MD 20902-1573               ) | |
|                                            ) | |
|     Defendants.                            ) | |
| _____ ) | |

**COMPLAINT**

COMES NOW the Plaintiff, KYO OHK SHIN (hereinafter "Plaintiff"), by and through counsel, Bernard Solnik, and sues the Defendants, and in support thereof states as follows:

## Parties and Jurisdiction

1. Plaintiff is, and was at all times relevant to the allegations of this Complaint, a natural person residing in the Commonwealth of Virginia.

2. Defendant Jong Eon Bae (aka John Bae), is a natural person who, upon information and belief, is and was at all times mentioned herein residing in the Commonwealth of Virginia and doing business in connection with the claims herein in Maryland and Washington, DC.

3. Defendant BAJ Consulting Company is a business that at all times mentioned herein was doing business in connection with the claims herein in Maryland and Washington, DC.

4. Defendant Smokey Interiors Inc. is a business that at all times mentioned herein was doing business in connection with the claims herein in Maryland and Washington, DC.

5. Defendant Li Tel is a natural person who, upon information and belief, is and was at all times mentioned herein residing in the State of Maryland.

6. At al times mentioned herein, the individual Defendants Jong Eon Bae and Li Tel were, upon information and belief, owners and managers of the other Defendants in this action.

7. This action is being brought pursuant to, among other things, 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

8. Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. sections1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction).

9. Venue is vested in this Honorable Court pursuant to 28 U.S.C. section 1391.

## COUNT I
### Violations of the Fair Labor Standards Act
### For Failure to Pay Overtime

10. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

11. From at least February 2 2004 through June 19 2004, Plaintiff was employed by the Defendants to perform building renovation work in Montgomery County, Maryland.

12. From at least January 3 2005 through August 20, 2005 Plaintiff was employed by the Defendants to perform building renovation work in Washington DC.

13. By virtue of Plaintiff's work Plaintiff was engaged during each workweek in interstate commerce or in the production of goods for interstate commerce in that said work involved business and/or communication between any state and any place outside that state.

14. Each of the Defendant's businesses or businesses under unified operation or common control employed at least two persons engaged in interstate commerce or the production of goods for interstate commerce and, upon information and belief, had annual gross sales of at least $500,000.

15. In some or all weeks, Plaintiff worked over forty hours per week but was only compensated for up to forty hours per week.

16. The Defendants were aware that the Plaintiff was regularly performing work without being compensated therefore and permitted such work to continue.

17. The Defendants condoned and benefited from the performance of such uncompensated work by Plaintiff.

18. All of these uncompensated hours worked by the Plaintiff constitute compensable time as overtime hours.

19. The Defendants violated the Fair Labor Standards Act by failing to pay the Plaintiff overtime pay for those hours worked in excess of forty per week.

20. The Defendants' failure to pay the Plaintiff overtime for those hours worked in excess of forty per week was done willfully and without good faith.

21. The Plaintiff was not exempt from overtime pay under the Fair Labor Standards Act.

22. As a direct result of the Defendants' violation of the Fair Labor Standards Act, the Plaintiff suffered economic loss.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants, jointly and severally, and that this honorable Court:

- A. Award Plaintiff compensatory damages at a rate of not less than time and one-half of Plaintiff's regular rate of pay for those hours worked in excess of forty per week;
- B. Award Plaintiff an equal amount in liquidated damages;
- C. Award Plaintiff his reasonable attorney's fees;
- D. Award Plaintiff prejudgment interest;
- E. Award Plaintiff his costs of this action; and
- F. Grant such other and further relief as deemed appropriate by this Court.

## COUNT II

### Violations of the Fair Labor Standards Act
### For Failure to Minimum Wages

23. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.
24. Plaintiff was not paid even minimum wage for all hours during at least some weeks that he worked for the Defendants.
25. The Defendants were aware that the Plaintiff was regularly performing work without being compensated therefore and permitted such work to continue.
26. The Defendants condoned and benefited from the performance of such uncompensated work by Plaintiff.
27. The Defendants violated the Fair Labor Standards Act by failing to pay the Plaintiff minimum wage.
28. The Defendants' failure to pay the Plaintiff minimum wage was done willfully and without good faith.
29. The Plaintiff was not exempt from being entitled to minimum wage under the Fair Labor Standards Act.

30. As a direct result of the Defendants' violation of the Fair Labor Standards Act, the Plaintiff suffered economic loss.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants, jointly and severally, and that this honorable Court:

- A. Award Plaintiff compensatory damages for those hours worked in which he did not receive minimum wage;
- B. Award Plaintiff an equal amount in liquidated damages;
- C. Award Plaintiff his reasonable attorney's fees;
- D. Award Plaintiff prejudgment interest;
- E. Award Plaintiff his costs of this action; and
- F. Grant such other and further relief as deemed appropriate by this Court.

## COUNT III
### Violations of the D.C. Wage Act

31. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.
32. The Defendants violated the D.C. Wage Act, D.C. Code Sec. 32-1001 et seq. by failing to pay the Plaintiff overtime pay for those hours worked in excess of forty per week and failing to pay Plaintiff the minimum wage.
33. The Defendants' failures to pay the Plaintiff overtime and minimum wage were done willfully and without good faith.
34. The Plaintiff was not exempt from being entitled to overtime or minimum wage under the D.C. Wage Act.
35. As a direct result of the Defendants' violation of the D.C. Wage Act, the Plaintiff suffered economic loss.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants, jointly and severally, and that this honorable Court:

    A.    Award Plaintiff compensatory damages at a rate of not less than time and one-half of Plaintiff's regular rate of pay for those hours worked in excess of forty per week;

    B.    Award Plaintiff compensatory damages for those hours worked in which he did not receive minimum wage;

    C.    Award Plaintiff an equal amount in liquidated damages;

    D.    Award Plaintiff his reasonable attorney's fees;

    E.    Award Plaintiff prejudgment interest;

    F.    Award Plaintiff his costs of this action; and

    G.    Grant such other and further relief as deemed appropriate by this Court.

## COUNT IV

### Violations of the Maryland Wage and Hours Law and Wage Payment and Collection Law

36. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

37. The Defendants failed to pay Plaintiff all compensation that is due to him for his employment and more than two weeks have elapsed since payment to Plaintiff became due.

38. The Defendants' failure is not the result of a bona fide dispute.

39. The Defendants violated the Maryland Wage and Hours Law (Labor Art. Sec. 3-401 et seq.) and the Maryland Wage Payment and Collection Law (Labor Art. Sec. 3-401 et seq.) by failing to pay the Plaintiff overtime pay for those hours worked in excess of forty per week and failing to pay Plaintiff the minimum wage.

40. The Defendants' failures to pay the Plaintiff overtime and minimum wage were done willfully and without good faith.

41. The Plaintiff was not exempt from being entitled to overtime or minimum wage under Maryland law.

42. As a direct result of the Defendants' violation of Maryland law, the Plaintiff suffered economic loss.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants, jointly and severally, and that this honorable Court:

- A. Award Plaintiff compensatory damages at a rate of not less than time and one-half of Plaintiff's regular rate of pay for those hours worked in excess of forty per week;
- B. Award Plaintiff compensatory damages for those hours worked in which he did not receive minimum wage;
- C. Award Plaintiff an equal amount in liquidated damages;
- D. Award Plaintiff treble damages;
- E. Award Plaintiff his reasonable attorney's fees;
- F. Award Plaintiff prejudgment interest;
- G. Award Plaintiff his costs of this action; and
- H. Grant such other and further relief as deemed appropriate by this Court.

## COUNT V
### Breach of Contract

43. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.
44. At the time Plaintiff commenced working for the Defendants, he and the Defendants agreed that in exchange for Plaintiff working for them, the Defendants would pay Plaintiff for the time that he worked for them at the rate of eight hundred dollars per week.
45. The Defendants have failed and refused to pay Plaintiff in full for the time he worked for them.
46. The Defendants' actions were done with willful disregard for the rights of the Plaintiff and were outrageous and/or grossly fraudulent.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants, jointly and severally, and that this honorable Court:

- A. Award Plaintiff compensatory damages for each hour for which he has not been paid;
- B. Award the Plaintiff pre-judgment interest;
- C. Award the Plaintiff punitive damages;
- D. Award Plaintiff his costs of this action; and
- E. Grant such other and further relief as deemed appropriate by this Court.

## COUNT VI
### Quantum Meruit & Unjust Enrichment

47. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.
48. Plaintiff rendered valuable services to the Defendants.
49. The Defendants accepted said services and enjoyed the benefits thereof and knew and appreciated that they were enjoying said benefits.
50. The Defendants accepted said services and the benefits thereof under such circumstances as to make it inequitable for the Defendants to retain these benefits without payment to Plaintiff for the value of said benefits.
51. The Defendants' actions were done with willful disregard for the rights of the Plaintiff and were outrageous and/or grossly fraudulent.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants, jointly and severally, and that this honorable Court:

- A. Award Plaintiff the value of the services he rendered to the Defendants plus pre-judgment interest;
- B. Award the Plaintiff punitive damages;
- C. Award Plaintiff his costs of this action; and
- D. Grant such other and further relief as deemed appropriate by this Court.

<u>/s/ Bernard Solnik</u>
Bernard Solnik, Esq.
Maryland Federal Bar No. 27251
5101 Wisconsin Ave., NW Suite 302
Washington, DC 20016
202-686-3900
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KYO OHK SHIN | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| JONG EON BAE (aka JOHN BAE) et al. | ) |
| | ) |

-------------------------------------------------------------------

**JURY DEMAND**

Plaintiff demands a trial by jury for all issues triable by a jury herein.

                                      /s/ Bernard Solnik
                                      Bernard Solnik, Esq.
                                      Maryland Federal Bar No. 27251
                                      5101 Wisconsin Ave., NW Suite 302
                                      Washington, DC 20016
                                      202-686-3900
                                      Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KYO OHK SHIN                                              )
                                                          )
v.                                                        ) Case No.
                                                          )
JONG EON BAE (aka JOHN BAE) et al.                        )
                                                          )
-------------------------------------------------------------------

CONSENT TO BECOME A PARTY

     By signing below, the undersigned hereby provides written consent to becoming a Plaintiff in the above action which action, among other things asserts claims by the undersigned to recover for violations of the overtime and minimum wage provisions of the Federal Fair Labor Standards Act and violations of the overtime and minimum wage provisions of the laws of Washington, DC and the State of Maryland.

 

_____
Kyo Ohk Shin
3812 Hill Street
Fairfax, VA 22030

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KYO OHK SHIN | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| JONG EON BAE (aka JOHN BAE) et al. | ) |
| | ) |

-------------------------------------------------------------------

**Attorney Certification**

I hereby certify that I am admitted to practice law before the Court of Appeals for the State of Maryland and that I am in good standing.

/s/ Bernard Solnik
Bernard Solnik, Esq.
Maryland Federal Bar No. 27251
5101 Wisconsin Ave., NW Suite 302
Washington, DC 20016
202-686-3900
Counsel for Plaintiff