IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **KYO OHK SHIN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. CBD 06-0965** |
| ) | |
| **JONG EON BAE, a/k/a JOHN BAE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Kyo Ohk Shin filed this employment action against Defendants Jong Eon Bae, Baj Consulting Company, Bae Consulting Co., Smokey Exteriors, Inc., and Li Tel.  Now before this Court is the Motion to Dismiss Complaint Against Defendant Jong E. Bae and Motion for a More Definite Statement filed by Defendants Jong Eon Bae and Smokey Interior, Inc. ("Defendants' Motion") (Docket Item No. 12) and Plaintiff's Contested Motion to Amend Complaint ("Plaintiff's Motion") (Docket Item No. 14).  The Court has reviewed both motions and the memoranda related thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons below, the Court hereby DENIES Defendants' Motion and GRANTS Plaintiff's Motion.

**I.  Background**

Plaintiff's complaint makes several allegations against the defendants listed above. Plaintiff alleges that, from February 2, 2004 to June 19, 2004, he was employed by Defendants to perform building renovation work in Montgomery County, Maryland and from January 3, 2005 through August 20, 2005, he was employed by Defendants to perform renovation work in

1

the District of Columbia.  Making allegations under the Fair Labor Standards Act and similar Maryland and District of Columbia laws, Plaintiff claims that he worked for Defendants over forty hours per week.  He alleges that he was not paid overtime pay, or any pay, for hours worked in excess of forty hours.  He further alleges that he was not paid minimum wage for all of the hours worked for Defendants.  Plaintiff also alleges that he and Defendants entered in to an agreement regarding the amount he should be paid per week and that Defendants have breached the agreement.  Finally, Plaintiff alleges that these facts have unjustly enriched Defendants.

Defendants argue that Plaintiff's complaint should be dismissed against Defendants Jong Eon Bae and Smokey Exterior, Inc.  Defendants contend that Defendant Jong Eon Bae should be dismissed because in his individual capacity he did not enter into any express or implied contract with Plaintiff.  Defendants further argue that Plaintiff names Smokey Exteriors, Inc., and/or Smokey Interiors, Inc., as Defendant, while the true name of the organization is "Smokey Interior, Inc."  Defendants include an exhibit in support of this claim and ask that the Court dismiss the claim against Smokey Exteriors, Inc.

Defendants move, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Defendants assert that Plaintiff has neither distinguished Defendants in his complaint nor alleged claims against each Defendant individually.  Defendants argue that the complaint is therefore overly vague and ambiguous, which obligates Plaintiff to provide a more definite statement.

In Plaintiff's Motion, Plaintiff seeks to amend his complaint.  The distinction between Plaintiff's original complaint and Plaintiff's proposed First Amended Complaint is the naming of

one defendant. In the original complaint, Plaintiff names Smokey Exteriors, Inc., as a defendant. In the proposed First Amended Complaint, Plaintiff changes the name of that defendant to "Smokey Interior, Inc."

## II. Analysis

### A. Motion for Leave to Amend

It is more efficient for this Court to examine Plaintiff's Motion before considering Defendants' Motion, and then to consider Plaintiff's proposed First Amended Complaint in making a determination regarding Defendants' Motion. A party may amend a pleading after a responsive pleading has been served only by leave of the court or with consent of the adverse party. Fed. R. Civ. P. 15(a). Defendants have not given consent in this case, but the Court shall freely grant such leave "when justice so requires." *Id.* Futility of amendment, undue prejudice to the opposing party, bad faith, and undue delay are examples of reasons for which such leave will not likely be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). The Court finds none of the factors to be present in this case. To the contrary, this Court believes that justice is served by permitting Plaintiff to amend his complaint to include "Smokey Interior, Inc.," as a named defendant. Accordingly, Plaintiff's Motion is hereby GRANTED.

### B. Motion to Dismiss

This Court does not find that Defendants have provided a sufficient basis for the Court to grant the portion of Defendants' Motion requesting that the complaints against Jong Eon Bae and Smokey Exteriors, Inc. (now Smokey Interior, Inc.), be dismissed. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted unless "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiff need only satisfy the "simplified pleading standard" of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This Court must consider all well-pled allegations in the complaint as true and construe all factual allegations in the light most favorable to Plaintiff. *See, e.g., Mylan Labs. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). It must disregard all contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The Court need not consider, however, legal conclusions couched as factual allegations or conclusory allegations unsupported by reference to actual acts. *See, e.g., Papasan v. Allain*, 478 U.S. 265, 286 (1986); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Following these standards, the Court finds that justice is served by permitting Plaintiff's complaint to survive.

      1. *Defendant Jong Eon Bae*

Defendants argue that Plaintiff's complaint against Defendant Jong Eon Bae should be dismissed because Plaintiff never entered into a contractual relationship with him. Specifically, Defendants contend that Plaintiff's own complaint acknowledges that he was working for a company that was duly incorporated and that Plaintiff asserted no facts that would entitle him to "pierce" the corporate veil to sue Defendant Jong Eon Bae personally. In support of their contention, Defendants provide an exhibit demonstrating that Smokey Interior, Inc., is a revived Maryland corporation. Because this Court is required to disregard contrary allegations of opposing parties, it does not consider evidence or arguments presented by Defendants that

contradict Plaintiff's complaint.  The Court turns to the sufficiency of Plaintiff's complaint alone.

Plaintiff repeatedly refers to "the Defendants" in making allegations in his complaint. Defendant Jong Eon Bae is included in this group, "the Defendants."  Plaintiff's complaint survives a Rule 12(b)(6) motion.  Accepting Plaintiff's assertions as true, Plaintiff may have been employed by Defendant Jong Eon Bae individually or in some other capacity different from that which Defendants suggest.  On the facts proffered to the Court, Plaintiff's complaint sufficiently states a claim for which relief could be granted.  Defendants' Motion is therefore DENIED with respect to the dismissal of claims against Defendant Jong Eon Bae.

      2.  *Defendant Smokey Exterior, Inc.*

Because this Court has granted Plaintiff leave to amend Plaintiff's complaint to include defendant "Smokey Interior, Inc.," Defendant's Motion is moot and therefore DENIED with respect to the dismissal of claims against Defendant Smokey Exterior, Inc.

    C.  <u>Motion to Provide a More Definite Statement</u>

Defendants seek, alternatively, an order requiring Plaintiff to provide a more definite statement.  Fed. R. Civ. P. 12(e) provides that a party may move for a more definite statement if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.  Rule 12(e) must be read in conjunction with Rule 8, which establishes the general rules for pleading.  *Hodgson v. Virginia Baptist Hosp.*, 482 F.2d 821, 822 (4th Cir. 1973).  Rule 8(a) requires three elements: (1) a statement of the grounds upon which jurisdiction of the court depends; (2) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (3) a demand for judgment for

5

the relief sought.  The Court finds that these elements have been satisfied and that Plaintiff's complaint is not so vague or ambiguous that Defendants cannot frame a responsive pleading.

In *Hodgson*, the plaintiff, the Secretary of Labor, accused the defendant hospital of violating the Fair Labor Standards Act by failing to pay its employees minimum wage, paying wages discriminatorily, failing to pay overtime, failing to keep accurate records, and by employing child labor.  482 F.2d at 822.  The defendant hospital moved for a more definite statement, requesting that the plaintiff be required to precisely name the specific employees, jobs, and wages to which the complaint pertained, for each alleged violation.  The District Court granted the motion, requiring the plaintiff to amend and include the additional specifications in the plaintiff's amended complaint.  The Court of Appeals reversed, finding that the District Court was in error and that the plaintiff's original complaint was sufficient to require the defendant hospital to file an answer.  Even without naming which jobs or employees were the subject of the complaint, the Court of Appeals found that the plaintiff had sufficiently stated the jurisdictional grounds for the claim, identified the areas of law that the defendant hospital had allegedly violated, described the nature of the violations, specified the period of time in which they occurred, and notified the defendants of the relief sought.

Here, Plaintiff claims that Defendants have committed several violations of the Fair Labor Standards Act, the D.C. Wage Act, the Maryland Wage and Hours Law and Wage Payment and Collection Law.  Plaintiff also makes claims of Breach of Contract, Quantum Meruit, and Unjust Enrichment.  Defendants' arguments in seeking a more definite statement are that Plaintiff does not distinguish which Defendants have allegedly committed which acts and to which Defendants the time frames in paragraphs eleven and twelve apply.  In the present case,

just as in *Hodgson*, Plaintiff is not required to give such details regarding specifically to whom and how each claim applies. Defendants can rely on their records to admit or deny any of the charges; if Defendants do not know whether some of the allegations are true or false, Rule 8(b) permits them to plead that they lack sufficient information. *See Hodgson,* 482 F.2d at 824. If Defendants want to discover more facts, they can use the discovery devices of the Federal Rules of Civil Procedure. In short, the "aim of American procedural reform has been to reduce reliance on pleadings to refine the evidentiary basis for a litigant's claim." *Id.* at 823. There are other avenues for Defendants to discover the intricacies of Plaintiff's complaint.

Plaintiff has sufficiently stated the jurisdictional grounds for the claim, identified the areas of law that Defendants have allegedly violated, described the nature of the violations, specified the period of time in which they occurred, and notified Defendants of the relief sought. Defendants have not demonstrated that such pleadings are so vague or ambiguous that they are unable to frame an appropriate response. For this reason, Defendants' request for a more definite statement is DENIED.

### III. Conclusion

For the foregoing reasons, Defendants' Motion is DENIED and Plaintiff's Motion is GRANTED.

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Charles B. Day
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　November 16, 2006

CBD:acg