## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KYO OHK SHIN,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No.: CBD 06-965 |
| **JONG EON BAE, a/k/a JOHN BAE, et al.,** | * | |
| | * | |
| **Defendants.** | | |
| | ****** | |

## MEMORANDUM OPINION

The Court has received Plaintiff's Motion for Contempt and/or Other Relief ("Plaintiff's Motion") (Docket Item No. 46) and Plaintiff's Supplement to Motion for Contempt and/or Other Relief ("Plaintiff's Supplement") (Docket Item No. 47). The Court has reviewed these documents and Defendants' opposition thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby GRANTS IN PART Plaintiff's Motion.

**I. Background**

Plaintiff filed this employment action against Defendants alleging violations of the Fair Labor Standards Act and similar Maryland and District of Columbia laws. Plaintiff claims that he was not compensated by Defendants for any hours worked in excess of forty hours, and that he was not paid wages for all of the hours worked. Plaintiff also makes allegations regarding breach of contract and unjust enrichment.

Dating back nearly to the commencement of this litigation, Defendants and their counsel, Mr. Nguyen, have repeatedly engaged in sanctionable activity. The level of responsibility of Defendants themselves is unclear. In February of 2007, this Court granted Plaintiff's Motion to

Compel and/or for Sanctions ("Plaintiff's First Motion to Compel") (Docket Item No. 26) for Defendant Bae's failure to comply with discovery by not providing responses to interrogatories or request for documents, in spite of Plaintiff's repeated attempts. Defendant Bae filed no opposition to Plaintiff's Motion. The Court entered sanctions in the amount of $689.00 against Mr. Nguyen.[1]

The Court also granted Plaintiff's Motion to Compel Deposition and for Expenses and Sanctions ("Plaintiff's Second Motion to Compel") (Docket Item No. 31), relating to Defendant Bae's repeated failure to appear for deposition. Defendant Bae again failed to file any opposition.[2] This Court held a motions hearing on the issue on February 27, 2007, at which time it granted Plaintiff's Second Motion to Compel. At the hearing, Mr. Nguyen argued that he had been forgetful, had marked the wrong dates on his calendar, had been preoccupied with his wedding and the planning of his honeymoon, and had difficulty communicating with his client due to language barriers. The crux of Mr. Nguyen's argument was that he had made "honest mistakes." In granting the motion, the Court ordered Defendant Bae and Mr. Nguyen to appear for deposition on March 6, 2007, and also entered sanctions against Mr. Nguyen in the amount of $2,870.00, to be paid within thirty days. (Docket Item No. 42.) Mr. Nguyen again, that same day, demonstrated the vagarious behavior that has become increasingly problematic for this Court and Plaintiff. During the hearing, Mr. Nguyen confirmed that he and his client were

---

[1]The Court originally indicated that it would enter sanctions against Mr. Nguyen and Defendant Bae jointly and severally (Docket Item No. 35), but then amended that Order so that sanctions were entered against Mr. Nguyen solely (Docket Item No. 42).

[2]Mr. Nguyen indicated to Plaintiff's counsel that Defendant Bae would not submit to deposition if Plaintiff filed a motion for sanctions because he preferred the Court to resolve the issue for the parties. Nonetheless, he failed to submit any position to the Court.

available for deposition on a date certain. Mr. Nguyen then recanted his statement when he contacted chambers later that afternoon to say that he had a scheduling conflict and was unavailable for such date. This Court, by conference call with Mr. Nguyen and Plaintiff's counsel, resolved that issue and ordered Defendant to appear for deposition on March 6, 2007.

Most recently, Mr. Nguyen has violated an order of this Court to appear for a settlement conference before Judge Connelly. After the February 27, 2007 motions hearing, this Court instructed counsel to contact Judge Connelly's chambers to reschedule the settlement conference.[3] Judge Connelly conducted a telephone conference with counsel on that date, during which he scheduled the settlement conference for April 9, 2007. Judge Connelly specifically requested that if that date was not acceptable for Mr. Nguyen, he should advise Judge Connelly by March 2, 2007. (Pl. Mot. ¶ 1.) Mr. Nguyen did not contact Judge Connelly at any time thereafter. Thus, on March 16, 2007, an Order was issued scheduling the settlement conference for April 9, 2007. (Docket Item No. 45.) In spite of the Court's Order, Mr. Nguyen and Defendants failed to appear for the settlement conference on the scheduled date. Judge Connelly made several telephone calls to Mr. Nguyen before releasing Plaintiff, his counsel, and his interpreter, approximately 30 minutes later.

---

[3]The settlement conference was originally scheduled for February 27, 2007. It was canceled so that time slot could be used for the motions hearing on Plaintiff's Second Motion to Compel. However, prior to scheduling the February 27, 2007 date, the settlement conference was rescheduled at least once, per Mr. Nguyen's request. (Docket Items No. 33, 34.)

**II. Plaintiff's Present Motions**

    A.  <u>Plaintiff's Motions</u>

As a result of Defendants' failure to attend the court-ordered settlement conference, Plaintiff has now filed Plaintiff's Motion, through which he seeks an award of $954.00 for the 3.6 ours of time expended on the settlement conference. Plaintiff's Supplement further calls this Court's attention to the fact that Mr. Nguyen paid Court-ordered sanctions approximately 11 days late, and that he paid for the sanctions out of a client trust account. Plaintiff asks this Court to hold Defendants in contempt and impose additional sanctions. He contends that awarding monetary sanctions is insufficient, as the Court has already imposed them twice and such awards have not been effective at deterring Mr. Nguyen's and Defendants' behavior. Plaintiff seeks sanctions including contempt, the striking of any answer and counterclaim filed by Defendants, the entry of default judgment, and prohibition from offering or pursuing any evidence, defense, or affirmative defense at trial or at any hearing following the entry of default, pursuant to Fed. R. Civ. P. 16 ("Rule 16") and Fed. R. Civ. P. 37 ("Rule 37").

    B.  <u>Defendant's Response</u>

Defendants' response to Plaintiff's Motion was filed outside of the April 26, 2007 deadline imposed by the Court.[4] Defendants did not seek an extension or give justification for the late filing. Presumably, Mr. Nguyen made yet another "honest mistake." Defendants' arguments with respect to Plaintiff's Motion can be summarized as follows: (1) Mr. Nguyen

---

[4] Because Plaintiff filed two documents (Plaintiff's Motion and Plaintiff's Supplement), on April 9 and on April 11, 2007, the Court established responsive pleading deadlines of April 26 and April 30, respectively. Defendant filed a response to both of Plaintiff's motions on April 30, within the deadline for Plaintiff's Supplement but outside of the deadline for Plaintiff's Motion.

receives many e-mails and inadvertently did not read Judge Connelly's order of April 9, 2007; (2) he did not act in bad faith ("the last thing [he] wanted to do was be sanctioned in another matter"); (3) Plaintiff seeks to capitalize on his honest mistake; (4) Plaintiff is not prejudiced aside from the loss of time; and (5) Plaintiff's claimed loss is excessive.

Defendants' response to Plaintiff's Supplement was timely filed. Defendants argue first that Plaintiff's claims of purposeful delay are baseless. Further, Mr. Nguyen claims that, although he paid sanctions from his client's trust account, it was money owed to Mr. Nguyen from clients, only temporarily placed in the client trust account for technical reasons.

**III. Discussion**

Defendants' and Mr. Nguyen's failure to attend the settlement conference is appropriately remedied by monetary sanctions. Additionally, Mr. Nguyen will be referred to the Maryland Attorney Grievance Commission and to this Court's Disciplinary Committee for investigation into the questionable use of funds from his client trust account. Finally, the Court will not enter more severe Rule 37 sanctions at this time. Although they are arguably necessary to deter Defendants, this Court will give Defendants a final opportunity to comply with this Court's orders and the Federal Rules. Further violations, however, will result in more drastic sanctions.

    A. <u>Sanctions are appropriate for Defendants' failure to appear for the settlement conference.</u>

After accommodating Mr. Nguyen's hectic schedule, the Court issued an order on March 16, 2007, scheduling the settlement conference for April 9, 2007. Mr. Nguyen and Defendants were already aware of the scheduled date prior to the March 16, 2007 Order. Defendants, however, in form with previous behavior, failed to appear. Such failure constitutes the violation

of a court order pursuant to Fed. R. Civ. P. 16(f):

> If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The Court Order required ex parte submissions no later than April 2, 2007 and attendance at the settlement conference on April 9, 2007.  Defendants did not comply with either part of the Order.

The time for which Plaintiff seeks to be reimbursed include the following:

| | | | |
|---|---|---|---|
| 1. | Telephone call with chambers re: settlement conference | | 0.2 hours |
| 2. | Drafting ex parte letter as required by Order | | 0.4 hours |
| 3. | Prepare client and travel to/from settlement conference | | 1.5 hours |
| 4. | Draft Motion for Contempt | | 1.5 hours |

The appropriate analysis is whether: (1) the hourly rate is appropriate; (2) the amount of time spent preparing for and attending settlement conference was reasonable; (3) the amount of time spent preparing Plaintiff's Motion was reasonable; and (4) any circumstances exist to make noncompliance substantially justified or to make an award of expenses unjust.

All of the preceding factors are in Plaintiff's favor.  First, this Court has already determined in its prior rulings that the hourly fees of Mr. Solnik, Plaintiff's counsel, are reasonable.  Second, the estimates of time spent preparing for the settlement conference and preparing Plaintiff's Motion are modest.  Defendants contend that Plaintiff should not be reimbursed for time spent drafting the ex parte letter to Judge Connelly and preparing Plaintiff for the settlement conference because both of these will constitute time fruitfully expended when

a future settlement conference occurs.[5]  Indeed, such time is generally not compensable.  *See, e.g., Gordon v. New England Tractor Trailer Training Sch.,* 168 F.R.D. 178 (D. Md. 1996).

The relevant question for this Court, however, is whether a settlement conference will in fact occur.  The Court, relying on Defendants' track record, is not confident that a settlement conference will occur in the future.  If a settlement conference does occur, it may be months from now, considering the Court's bulging docket, Mr. Nguyen's unavailability, and his forgetfulness regarding his schedule.  Thus, while the Court would generally not compensate for such time, Mr. Nguyen and Defendants' past behavior suggest that it is in the interest of fairness and justice to award fees for drafting the ex parte letter and for the preparation of Plaintiff by Mr. Solnik.

Third, Plaintiff spent 1.5 hours drafting Plaintiff's Motion, which is a reasonable amount of time.  Fourth, no circumstances exist to demonstrate Defendants' actions were substantially justified or to make awarding of expenses unjust.  Defendants' late-filed opposition attempts to justify Defendants' absence, stating that he "simply missed the email order" and that "due to the many emails that existed in [Mr. Nguyen's] MSN account, including other cases from this Court, [he] inadvertently did not read Judge Connelly's order for mediation on April 9, 2007."  This Court's brief review of the docket indicates that this case is the only open case in which Mr.

---

[5]Defendants state that this time should not be reimbursed because "such preparation [will] still have to occur at the next settlement conference."  This sentence must have been erroneously constructed, as it contradicts Defendants' argument.  The Court understands them to mean that such time is not "lost" because it will still be of use to Plaintiff when the settlement conference occurs.

Nguyen is presently counsel.[6]  Further, an over-abundance of e-mails does not rise to "substantial justification."  Mr. Nguyen should have familiarity with the filing and notice procedures.  All attorneys are expected to participate in the electronic filing system and are on notice that no paper copies will be mailed.  *In re: Electronic Filing*, No. 2003-8 (D. Md. Feb. 1, 2004), http://www.mdd.uscourts.gov (follow "CM/ECF" hyperlink; then follow "CM/ECF procedures" hyperlink).

More significantly, Mr. Nguyen offers no explanation for his sudden lapse in memory regarding the February 27, 2007 telephone conference with Judge Connelly, during which, "the parties set a settlement conference date in this matter for April 9, 2007 with the understanding that if that date was not acceptable to Mr. Nguyen or his clients, then Mr. Nguyen was to so advise Judge Connelly no later than Friday, March 2, 2007."  (Pl.'s Mot. ¶ 1.)  Defendants attempt to establish good faith by stating "the last thing [Mr. Nguyen] wanted to do was to be sanctioned in another matter."  His desire to not be sanctioned is not reflected in his actions.

Defendants also attempt to place a negative spin on Plaintiff's Motion by arguing that Plaintiff seeks to "capitalize" on Defendants' "honest mistake."  The undeniable pattern of "honest mistakes" exposes them as questionable.  Given the background of this case, the Court cannot find that Plaintiff has acted disingenuously.  Defendants have not demonstrated substantial justification.  Plaintiff's Motion is GRANTED on this issue and sanctions are entered against Mr. Nguyen in the amount of $954.00.

---

[6]In the only other case in this Court that was recently open and active was *Dai Chung News Media Inc., et al. v. Ngo, et al.*, AW 05-3420.  All other cases found through this Court's search with a Thai Nguyen as counsel were closed during or before 2004.

B.  <u>Mr. Nguyen must be referred to the appropriate disciplinary committees.</u>

Sanctions were imposed solely against Mr. Nguyen for discovery violations as set forth in Plaintiff's previous motions to compel. (Docket Item Nos. 38, 42, 43.) Mr. Nguyen paid at least a portion of those sanctions from a client trust account. (Plf. Supp., Ex. 1.) The use of funds in that manner violates Maryland law and the Maryland Lawyers' Rules of Professional Conduct, which have been adopted by this Court. Local Rule 704 (D. Md.).

Maryland Lawyers' Rule of Professional Conduct 1.15 ("Safekeeping Property") requires an attorney to keep clients' funds separate from the attorney's own property, in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules. *See* Md. Rule 16-812. Likewise, Md. Rule 16-609 specifies that an attorney "may not borrow or pledge any funds required . . . to be deposited in an attorney[7] trust account . . . or use any funds for an unauthorized purpose." Maryland law also prohibits a attorney from using "trust money for any purpose other than the purpose for which the trust money is entrusted to the lawyer." Md. Code Ann., Bus. Occ. & Prof. § 10-306.

On their face, Mr. Nguyen's actions appear to violate the rules. Mr. Nguyen paid sanctions owed by him personally from a trust account held on behalf of his client. The use of an attorney trust account for personal purposes while still designated a trust account, even if it is no longer intended that the account be used for trust purposes, is prohibited. *Attorney Grievance Comm'n v. Webster*, 705 A.2d 1135 (Md. 1998). Such use is "infected with deceit and

---

[7]Maryland Lawyers' Rule of Professional Conduct 1.15(c) refers to a "client trust account." *See* Md. Rule 16-812. Md. Rules 16-600, *et seq*. refer to an "attorney trust account," which is "an account, including an escrow account, maintained in a financial institution for the deposit of funds received or held by an attorney or law firm on behalf of a client or third person." Md. Rule 16-602. The titles are interchangeable.

dishonesty" and generally results in disbarment from the Maryland state court absent compelling mitigating circumstances. *E.g., Attorney Grievance Comm'n of Maryland v. DiCicco,* 802 A.2d 1014 (Md. 2002). This Court also possesses the "inherent authority to disbar or suspend lawyers from practice . . . derived from the lawyer's role as an officer of the court" for a misappropriation. *See In re Evans*, 801 F.2d 703, 706 (4th Cir. 1986), cert. denied, 480 U.S. 906 (1987) (citations omitted); *Wrighten v. United States*, 550 F.2d 990 (4th Cir. 1977) (finding that evidence of withholding and conversion of clients' money was sufficient to result in disbarment, even in absence of evidence of state court disbarment).

The Court recognizes Mr. Nguyen's contention that he did not misuse client funds. He argues that he was owed $10,000.00 by Defendants and that, when they paid $5,000.00 toward such debt, the check was mistakenly made payable to Thai H. Nguyen, instead of the law firm. Mr. Nguyen deposited the money into the client trust account so that the funds would be made available. Mr. Nguyen states that he was hurried because he did not want Plaintiff's counsel to "complain" to the Court, thus he wrote a check to Plaintiff from the client trust account. Mr. Nguyen argues it would have taken longer for him to go through the drawn-out process of transferring the funds from the trust account to the law firm's account and then to send Plaintiff the fees from the latter.

This Court is not persuaded. Mr. Nguyen does not address the fact that he still paid the sanctions eleven days late. He does not explain why he had to wait for the clients to pay him before he could make the sanctions payment. He also does not explain why another avenue was not pursued, such as paying the money from law firm funds or private funds, contacting Plaintiff's counsel for an extension, or petitioning this Court for an extension due to the

circumstances. All of these would have been better alternatives. Mr. Nguyen does not appear to appreciate the gravity of his actions at all.

The preceding mitigating or aggravating factors are not for this Court to consider. The appropriate action for this Court is to refer Mr. Nguyen to the Attorney Grievance Commission of Maryland and this Court's Disciplinary Committee for further investigation and action, if necessary.

### C. More severe Rule 37 Sanctions are not yet appropriate for Defendants' actions.

Failure to comply with a discovery order may result in the following sanctions, among others:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination; . . .

Rule 37 (b)(2). Likewise, the failure to comply with a pretrial or scheduling order may result in the imposition of the sanctions listed in (B)-(D) above, pursuant to Rule 16.

This Court granted Plaintiff's First Motion to Compel on February 1, 2007, ordering production of discovery and payment of sanctions by Mr. Nguyen. (Docket Item No. 35.)[8] No

---

[8] Originally, sanctions were entered against Mr. Nguyen and Defendant Bae; however, this Court amended that Order on March 14, 2007. (Docket Item No. 43.)

facts have been presented to this Court to suggest that Defendants have failed to comply with that Order.  On February 27, 2007, this Court granted Plaintiff's Second Motion to Compel, ordering Defendant to submit to deposition and ordering the payment of more sanctions by Mr. Nguyen within thirty (30) days.  (Docket Item No. 42.)  Plaintiff makes no assertions that Defendant failed to comply with that Order in terms of appearing for deposition.  Plaintiff does indicate, however, that sanctions were paid eleven days late, in violation of the Order.  Thus, in consideration of a Rule 37 failure to comply with a discovery order, the only applicable action is Defendants' failure to timely pay sanctions.  Still, Defendants have also violated a pretrial order by failing to attend the settlement conference pursuant to Rule 16(f).

More than the preceding violations, however, this Court is disturbed by the overall noncompliant nature Mr. Nguyen and Defendants, including those incidents that do not involve violation of any orders of this Court.  These include their failure to provide discovery absent this Court's granting of motions to compel, failure to provide responsive filings, lack of collaboration with opposing counsel, and lack of cooperation with this Court.  The Court here notes that it is unclear to what degree Defendants have participated in or condoned Mr. Nguyen's actions.  Such question, however, does not impact this analysis.  Defendants voluntary chose Mr. Nguyen as their attorney and representative in this action and, absent compelling circumstances, are subject to the consequences of his actions.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).  "Any other notion would be wholly inconsistent with our system of representative litigation." *Id.* at 634.

The Court of Appeals has established a four-part test for determining whether the type of sanctions requested by Plaintiff, as listed in Rule 37(b)(2), are warranted.  *Mutual Fed. Sav. &*

*Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). The analysis was originally developed to determine whether the Rule 37(b)(2)(C) sanction of entry of default judgment was appropriate. *Id.* (citing *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503-04 (4th Cir.1977), *cert. denied,* 434 U.S. 1020 (1978)). It has since then been applied to all Rule 37 sanctions. *See, e.g., S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003); *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). The Court must discuss: first, whether Defendants acted in bad faith; second, the amount of prejudice Defendants caused their adversary; third, the need for deterrence of the particular sort of noncompliance; and fourth, the effectiveness of less drastic sanctions. *E.g., Anderson,* 155 F.3d at 504.

*1. Defendants have demonstrated bad faith.*

The first element is satisfied. With respect to the violations of this Court's Orders considered for Rule 37 sanctions here, Defendants' assertions appear less than genuine. Although Defendants argue they did not receive Judge Connelly's Order, they do not explain their failure to recall the telephone conference prior to issuance of that Order, during which the settlement conference date was set. Regarding the late payment of sanctions, Mr. Nguyen does not explain the failure to seek an extension. As previously discussed, Mr. Nguyen and Defendants give multiple explanations. The two recent violations only build upon a history of behavior that is laden with bad faith. The *Mutual* court approved a finding of bad faith where a pattern of indifference and disrespect to the authority of the court was demonstrated through repeated violations of discovery orders. Without rehashing this Court's previous rulings, it is sufficient to state that the excuses given by Mr. Nguyen and Defendants, the evidence presented

by Plaintiff, and Defendants' failure to take responsibility support an overall pattern of bad faith.

In *Rabb v. Amatex Corp.*, the Court of Appeals found bad faith[9] where the plaintiff was aware of the importance placed on compliance with the pretrial order and still failed to comply, regardless of whether the plaintiff had legitimate reasons. 769 F.2d 996 (4th Cir. 1985). Similarly, this Court expressed concern with Mr. Nguyen's unacceptable behavior during the February 27, 2007 motions hearing. Mr. Nguyen was aware of the importance of compliance; he argues as much in his opposition to Plaintiff's Motion. The two monetary sanctions entered against Mr. Nguyen for his failure to provide discovery, along with this Court's reprimand during the hearing ensured his awareness of such. Nonetheless, although aware of the importance of compliance, compliance is still wanting.

Likewise, the *Rabb* court's bad faith finding was influenced by the plaintiff's counsel's "conceded full awareness of and utter disregard for the district court's discovery timetable set forth in the pretrial order." *Id.* At 1000. Here, again, Defendants expressed utter disregard for the deadlines set by the Court. Defendants had ample time to request a different settlement conference date, and did not. Mr. Nguyen had ample time to request an extension for payment of sanctions, but did not. This Court would likely have granted either request if legitimate reasons had been provided. In view of Mr. Nguyen and Defendants' pattern of indifference and disrespect to the authority of this Court in the present case, the Court finds Defendants and Mr. Nguyen to have acted in bad faith.

---

[9]This case used the term "willful disregard." This language comes from *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958), in which the Supreme Court held that Rule 37 "should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."

### 2. *Minimal prejudice has been caused to Plaintiff.*

With respect to the second element, Mr. Nguyen and Defendants' actions have not greatly prejudiced Plaintiff. Defendants assert that all discovery ordered by this Court to be produced has been produced. While Plaintiff has been extremely inconvenienced, especially by the slowing down of the pretrial process due to Defendants' non-cooperative nature, he does not argue that he has otherwise been prejudiced. Defendants consented to an extension of the discovery deadline and this Court granted such an extension on March 14, 2007. No trial date has been set in this case. In *Mutual*, the plaintiff suffered great prejudice as a result of the defendants' misconduct because it could not prove its case without some of the records withheld by the defendants. The District Judge described the materiality of those documents as "essential." Similarly, such prejudice exists in cases in which a complete failure to participate in discovery has occurred, *Goldring v. Town of La Plata*, 2005 WL 1075435, No. DKC 2004-1052, at *2 (D. Md., May 4, 2005), or when multiple flagrant violations of court orders have occurred, leading to several months of delay. *See, e.g., Janeau v. Pitman Manuf. Co., Inc.*, 998 F.3d 1009 (4th Cir. 1993) (unpublished). Such prejudice does not exist in this case, at this time. Because Plaintiff will again be compensated for his time and because Plaintiff's ability to prove his case does not appear to have been affected, the prejudice is minimal.

### 3. *Defendants' and Mr. Nguyen's behavior should be deterred.*

The third element is satisfied and is what drives Plaintiff's Motion. Clearly, the type of behavior exhibited by Mr. Nguyen and Defendants must be deterred. The lack of accountability and dismissal of the serious nature of Plaintiff's claims are disturbing. The general noncompliance with discovery procedures is problematic. Thus far, Defendants are simply not

"opting in" to the process designated by the Federal Rules of Civil Procedure and the Local Rules of this Court. Failure to appear for the settlement conference and to timely pay sanctions, both in spite of court orders, reiterates a lack of respect for this Court, a drain on valuable court resources, and a waste of Plaintiff's and his counsel's time. For obvious reasons, such behavior should be deterred.

*4. A warning will be given before more drastic sanctions are employed.*

With respect to the fourth element, the Court recognizes that less drastic monetary sanctions have not been effective. However, the leap from monetary sanctions to default judgment or other Rule 37(b) sanctions, which may be tantamount to default judgment,[10] is a substantial one that the Court is not presently inclined to take. The Court of Appeals has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction. *Hathcock v. Navistar Intern. Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). The Court finds such a warning to be appropriate before entering any Rule 37(b) sanctions in this case.

First, default judgment, as permitted by Rule 37(b)(2)(C) is not appropriate. It should not be imposed except in the most compelling circumstances. *Goldring*, 2005 WL 1075435 at *1. When entering default judgment as a sanction for discovery and pretrial[11] order violations, the

---

[10]Imposition of Rule 37 sanctions may be tantamount to Rule 37(b)(2)(C) dismissal or, in this case, default judgment. *Rabb v. Amatex Corp.,* 769 F.2d at 999.

[11]Rule 16 is viewed as part of the general discovery process provided for in the rules and serves a joint purpose with Rule 37. *Rabb,* 769 F.2d at 999. Because Rule 16 provides for Rule 37(b) sanctions, it should be read in conjunction with Rule 37. *Id.*

district court's range of discretion is more narrow because it affects the party's right to a trial by jury and a fair day in court.[12]  *Mutual,* 872 F.2d at 92 (citation omitted).

Likewise, the sanction of refusing to allow Defendants to support or oppose their claims or defenses, or prohibiting them from introducing designated matters into evidence, pursuant to Rule 37(b)(2)(B), is usually imposed when a defendant's violation has been more severe and where the evidence excluded relates to the specific violation of the party.  For example, a defendant may be precluded from offering evidence in support of any position upon which he refuses to produce discovery or precluded from offering witness testimony at trial when he refuses to produce witnesses for deposition in spite of a court order.  *See, e.g., S.E.C. v. Benson*, 657 F. Supp. 1122 (S.D.N.Y. 1987)*; Penn-Field Precision, Inc. v. General Plating Corp.*, 1986 WL 819, No. 83-2561, at *4-5 (E.D. Pa., Jan. 14, 1986).  No such discovery withholding has occurred here.

The sanctions of striking a pleading pursuant to Rule 37(b)(2)(C) or finding a party in contempt pursuant to Rule 37(b)(2)(D) have been used to remedy a variety of violations.  Nonetheless, Defendants' conduct, although verging on the edge of these sanctions, also does not warrant them at this time.  The striking of an answer or defense is often employed when more egregious behavior has occurred, repeatedly, and most often in blatant disregard of a court order.  *See, e.g., Vereen v. Vereen,* 1999 WL 33485644, at *1 (Bkrtcy. D.S.C., Dec. 9, 1999); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521 (9th Cir. 1997); *Eastway General Hosp., Ltd. v. Eastway Women's clinic, Inc*., 737 F.2d 503 (5th Cir. 1984); *Abney v.*

---

[12]Implicit in this is the notion that, although this Court possesses inherent authority to impose appropriate sanctions pursuant to Rule 37, such sanctions are effectively criminal contempt sanctions, requiring notice and the opportunity to be heard.  *Bradley v. American Household Inc*., 378 F.3d 373, 379 (4th Cir. 2004).

*Patten,* 696 F. Supp. 570 (W.D. Okla. 1987).  A sanction of contempt, although also authorized by Rule 16, is usually enforced for a party's outright refusal to comply with discovery orders of the court.  *See, e.g., Hodgson v. Mahoney*, 460 F.2d 326 (1st Cir. 1972).  For example, multiple courts have held parties in contempt for failure to produce documents or failure to appear for deposition as required by court order.  *Chase & Sanborn Corp.*, 872 F.2d 397 (11th Cir. 1989), *Jones v. Louisiana State Bar Ass'n,* 602 F.2d 94 (5th Cir. 1979), *Banking Corp. v. Duque-Pena,* 767 F.2d 1504 (11th Cir. 1985).  Here, on the facts presented to it, this Court cannot find that Defendants' and Mr. Nguyen's behavior, in failing to timely pay sanctions and failing to appear for the settlement conference, although offensive and sanctionable, is worthy of striking Defendants' pleadings.

The Court agrees with Plaintiff's contention that monetary sanctions have not been effective in the past.  This is Defendants' final opportunity to demonstrate compliance with this Court and cooperation with Plaintiff.  Any going astray will result in severe sanctions, potentially including default judgment.  Such warning applies not only to blatant refusals to comply with the orders of this Court, but also to any so-labeled "honest mistakes."

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion is GRANTED IN PART.  Mr. Nguyen shall remit monetary sanctions to Plaintiff in the amount of $954.00.  Mr. Nguyen shall be referred to the Maryland Attorney Grievance Commission and this Court's Disciplinary Committee for investigation into the misuse of funds in his client's trust account.  Mr. Nguyen and Defendants

are also hereby WARNED that future violations of orders of this Court or failure to comply with the Federal Rules or Local Rules of this Court shall result in more severe sanctions.

_____/s/_____
Charles B. Day
United States Magistrate Judge
May 30, 2007

CBD:acg