IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| KYO OHK SHIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CBD 06-0965 |
| | ) | |
| JONG EON BAE, a/k/a JOHN BAE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SPECIAL VERDICT FORM

*For purposes of this Special Verdict Form, "regular work" shall have the meaning assigned to it during the trial of this case.*

A. **"REGULAR WORK" FEBRUARY – JUNE 2004**

    1. For any portion of the period of February through and including June 2004, do you find by a preponderance of the evidence that the Plaintiff Kyo Ohk Shin performed "regular work" in Maryland for Defendants John Bae or Smokey Interior, Inc.?

        [✓] YES    [ ] NO

    If YES, proceed to the next question. If NO, proceed to Section B.

    2. Contract Claim

        i. Do you find by a preponderance of the evidence that Plaintiff entered into a contract with Defendant John Bae and/or Defendant Smokey Interior, Inc. by which

Defendant(s) agreed to pay Plaintiff for the "regular work" he performed in Maryland during the period of February through and including June 2004?

[✓] YES   [ ] NO

If YES, proceed to the next question. If NO. Proceed to Question A(3).

ii. Do you find by a preponderance of the evidence that Plaintiff was not paid the full amount required by the contract for the "regular work" he performed in Maryland during the period of February through and including June 2004?

[✓] YES   [ ] NO

If YES, proceed to the next question. If NO, proceed to Question B.

iii. How much money do you find by a preponderance of the evidence that Plaintiff is owed as breach of contract damages for the "regular work" he performed in Maryland during the period of February through and including June 2004?

$ 0 is owed by Defendant John Bae;

$ 0 is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*

3. Federal FLSA Claim and Maryland Statutory Claims

   i. For the "regular work" Plaintiff performed in Maryland during the period of February through and including June 2004, do you find by a preponderance of the evidence that Plaintiff was an "employee" of Defendant John Bae or Defendant Smokey Interiors, Inc.?

   [✓] YES    [ ] NO

   If YES, proceed to the next question. If NO, proceed to Section B.

   ii. Do you find by a preponderance of the evidence that Plaintiff was not paid the full amount of agreed-upon wages or minimum wages or overtime due to him as an employee doing the "regular work" he performed in Maryland during the period of February through and including June 2004?

   [✓] YES    [ ] NO

   If YES, proceed to the next question. If NO, proceed to Section B.

   iii. How much money do you find by a preponderance of the evidence that Plaintiff is owed as agreed-upon wages for the "regular work" he performed in Maryland during the period of February through and including June 2004?

   $ 14,000 is owed by Defendant John Bae;

   $ 14,000 is owed by Defendant Smokey Interior, Inc.

   *(Both Defendants may owe the full amount)*
   Proceed to the next question.

iv. How much money do you find by a preponderance of the evidence that Plaintiff is owed as overtime wages for the "regular work" he performed in Maryland during the period of February through and including June 2004?

$ 2,264 is owed by Defendant John Bae;

$ 2,264 is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*

Proceed to the next question.

v. For the "regular work" Plaintiff performed in Maryland during the period of February through and including June 2004, how much do you award Plaintiff for Defendant(s) failure to pay minimum wage of $5.15 per hour?

$ 0

vi. Which of the Defendants owes Plaintiff his wages for these hours where he was not paid at least $5.15 per hour? (check one of the following):

[✓] both Defendants, John Bae and Smoky Interior, Inc.;

[ ] Defendant John Bae;

[ ] Defendant Smoky Interior, Inc.

Proceed to the next question.

4

vii. For the "regular work" Plaintiff performed in Maryland during the period of February through and including June 2004, how much additional money, if any, do you award Plaintiff as additional damages (not to exceed three times the unpaid wages set forth in A(3)(iii) & (iv), above)?

$ 48,792 is owed by Defendant John Bae;

$ 48,792 is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*

Proceed to the next section.

B. **"REGULAR WORK" JANUARY-MARCH 2005**

1. For any portion of the period of January through and including March 2005, do you find by a preponderance of the evidence that Plaintiff Kyo Ohk Shin performed "regular work" in Maryland for Defendant John Bae and/or Defendant Smokey Interior, Inc.?

[✓] YES   [ ] NO

If YES, proceed to the next question. If NO, proceed to Section C.

2. Contract Claim

i. Do you find by a preponderance of the evidence that Plaintiff and Defendant John Bae and/or Defendant Smokey Interior, Inc. entered into a contract by

5

which either Defendant agreed to pay Plaintiff for the "regular work" he performed in Maryland during the period of January through and including March 2005?

[✓] YES  [ ] NO

If YES, proceed to the next question. If NO, proceed to Question B(3).

ii. Do you find by a preponderance of the evidence that Plaintiff was not paid the full amount required by the contract for the ""regular work"" he performed in Maryland during the period of January through and including March 2005?

[✓] YES  [ ] NO

If YES, proceed to the next question. If NO, proceed to Question B(3).

iii. How much money do you find by a preponderance of the evidence that Plaintiff is owed as breach of contract damages for the "regular work" he performed in Maryland during the period of January through and including March 2005?

$ _0_ is owed by Defendant John Bae;

$ _0_ is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*

Proceed to the next question.

3. Federal FLSA Claim and Maryland Statutory Claims

   i. For the "regular work" Plaintiff performed in Maryland during the period of January through and including March 2005, do you find by a preponderance of the evidence that Plaintiff was an "employee" of the Defendant(s)?

   [✓] YES   [ ] NO

   If YES, proceed to the next question. If NO, proceed to Section C

   ii. Do you find by a preponderance of the evidence that Plaintiff was not paid the full amount of agreed-upon wages, minimum wages, or overtime due to him as an employee doing the "regular work" he performed in Maryland during the period of January through and including March 2005?

   [✓] YES   [ ] NO

   If YES, proceed to the next question. If NO, proceed to Section C.

   iii. How much money do you find by a preponderance of the evidence that Plaintiff is owed as "agreed-upon wages" for the "regular work" he performed in Maryland during the period of January through and including March 2005?

   $ 4,400 is owed by Defendant John Bae;

   $ 4,400 is owed by Defendant Smokey Interior, Inc.

   *(Both Defendants may owe the full amount)*

   Proceed to question the next question.

7

iv. How much money do you find by a preponderance of the evidence that Plaintiff is owed as overtime wages for the "regular work" he performed in Maryland during the period of January through and including March 2005?

$ 666.00 is owed by Defendant John Bae;

$ 666.00 is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*

Proceed to the next question


v. For the "regular work" Plaintiff performed in Maryland during the period of January through and including March 2005, how much do you award Plaintiff for Defendant(s) failure to pay minimum wage of $5.15 per hour?

$ 0


vi. Which of the Defendants owes Plaintiff his wages for these hours where he was not paid at least $5.15 per hour? (check one of the following):

[✓] both Defendants, John Bae and Smoky Interior, Inc.;

[ ] Defendant John Bae;

[ ] Defendant Smoky Interior, Inc.

Proceed to the next question.

8

vii. For the "regular work" Plaintiff performed in Maryland during the period of January through and including March 2005, how much additional money, if any, do you award Plaintiff as additional damages (not to exceed three times the unpaid wages set forth in B(3)(iii), (iv), & (v) above)?

$ 15,198 is owed by Defendant John Bae;

$ 15,198 is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*

Proceed to the next question

C. "REGULAR WORK" APRIL – AUGUST 2005

1. For any portion of the period of April through and including August 2005, do you find by a preponderance of the evidence that Plaintiff Kyo Ohk Shin performed "regular work" in Washington, DC for Defendant John Bae and/or Defendant Smokey Interior, Inc.?

[✓] YES   [ ] NO

If YES, proceed to the next question. If NO, proceed to Section D.

2. Contract Claim

   i. Do you find by a preponderance of the evidence that Plaintiff and Defendant John Bae and/or Defendant Smokey Interior, Inc. entered into a contract by which the Defendant(s) agreed to pay Plaintiff for the "regular work" he performed in Washington, DC during the period of April through and including August 2005?

   [✓] YES   [ ] NO

   If YES, proceed to the next question. If NO, proceed to Question C(3).

   ii. Do you find by a preponderance of the evidence that Plaintiff was not paid the full amount required by the contract for the "regular work" he performed in Washington, DC during the period of April through and including August 2005?

   [✓] YES   [ ] NO

   If YES, proceed to the next question. If NO, proceed to Question C(3).

   iii. How much money do you find by a preponderance of the evidence that Plaintiff is owed as breach of contract damages for the "regular work" he performed in Washington, DC during the period of April through and including August 2005?

   $ _____0_____ is owed by Defendant John Bae;

   $ _____0_____ is owed by Defendant Smokey Interior, Inc.

   *(Both Defendants may owe the full amount)*
   Proceed to the next question

3. Federal FLSA Claim and Washington, DC Statutory Claims

i. For the "regular work" the Plaintiff performed in Washington, DC during the period of April through and including August 2005, do you find by a preponderance of the evidence that Plaintiff was an "employee" of the Defendant(s)?

[✓] YES   [ ] NO

If YES, proceed to the next question. If NO, proceed to Section D.

ii. Do you find by a preponderance of the evidence that Plaintiff was not paid the full amount of agreed-upon wages, minimum wages or overtime due to him as an employee doing the "regular work" he performed in Washington, DC during the period of April through and including August 2005?

[✓] YES   [ ] NO

If YES, proceed to the next question. If NO, proceed to Section D.

iii. How much money do you find by a preponderance of the evidence that Plaintiff is owed as agreed-upon wages for the "regular work" he performed in Washington, DC during the period of April through and including August 2005?

$ 13,500 is owed by Defendant John Bae;

$ 13,500 is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*
Proceed to the next question

iv. How much money do you find by a preponderance of the evidence Plaintiff is owed as overtime wages for the "regular work" he performed in Washington, DC during the period of April through and including August 2005?

$ 5,287.00 is owed by Defendant John Bae;

$ 5,287.00 is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*

Proceed to the next question

v. For the "regular work" Plaintiff performed in Washington, DC during the period of April through and including August 2005, how much do you award Plaintiff for Defendant(s) failure to pay minimum wage of $6.60 per hour?

$ 0

vi. Which of the Defendants owes the Plaintiff his wages for these hours where he was not paid at least $6.60 per hour? (check one of the following):

[✓] both Defendants, John Bae and Smokey Interior, Inc.;

[ ] just Defendant John Bae;

[ ] just Defendant Smokey Interior, Inc.

Proceed to the next question

vii. Do you find that Defendant John Bae or Defendant Smokey Interior, Inc. wilfully violated the federal Fair Labor Standards Act?

    (1)    Defendant John Bae: [✓] YES [ ] NO

    (2)    Defendant Smokey Interior Inc.: [✓] YES [ ] NO

## D. SIDE WORK NOVEMBER 2004 – MARCH 2005

1. Do you find by a preponderance of the evidence that Plaintiff and Defendant John Bae and/or Defendant Smokey Interior, Inc. entered into a contract or contracts by which the Defendant(s) agreed to pay the Plaintiff for non-"regular work" to be performed during the period of November 2004 through and including March 2005?

    [✓] YES [ ] NO

If YES, proceed to the next question. If NO, proceed to Section E.

2. Do you find by a preponderance of the evidence that some or all of the non-"regular work" described in the previous section was performed?

    [✓] YES [ ] NO

If YES, proceed to the next question, if NO, proceed to Section E.

3. Do you find by a preponderance of the evidence that Plaintiff was not paid the full amount required by the contract(s) for the work described above?

    [✓] YES [ ] NO

If YES, proceed to the next question. If NO, proceed to Section F.

13

4. How much money do you find by a preponderance of the evidence that Plaintiff is owed as breach of contract damages for the work described above?

$ 10,034 is owed by Defendant John Bae;

$ 10,034 is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*
Proceed to the next section

### E. QUANTUM MERUIT

Damages under this section are only available if you have <u>not</u> made awards under the Wage or Breach of Contract Sections.

1. Do you find by a preponderance of the evidence that Plaintiff performed work or supplied services for the Defendant for which he has not been paid the reasonable value of the work performed or the services rendered?

[ ] YES   [ ] NO

If YES, proceed to the next question. If NO, proceed to Section F

2. How much money do you find by a preponderance of the evidence that the Plaintiff is owed for the work and/or services described in the previous question?

$_____ is owed by Defendant John Bae;

$_____ is owed by Defendant Smokey Interior, Inc.

*(Both Defendants may owe the full amount)*
Proceed to the next section.

## F. CONVERSION

1. Do you find that Plaintiff converted certain materials owned or possessed by Defendant Smokey Interior, Inc. at the time of the conversion?

[ ] YES  [✓] NO

If YES, proceed to the next section. If NO, the verdict sheet is complete.

2. What was the full value of the materials Plaintiff converted at the time of the conversion.

$ _____

Proceed to the next question

3. What was the date of the conversion discussed in this section?

_____

4. Do you find that Defendant Smokey Interior, Inc. is entitled to punitive damages for the conversion discussed in this section?

[ ] YES  [ ] NO

Date: Dec 14, 2007          Santosh Dayal
                            Jury Foreperson